IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. 12-2676-JWL
) Case No. 09-20133-19-JWL
EULET KING, )
)
        Defendant. )
)
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Eulet King's pro se petition to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1528) and the Government's motion for enforcement of defendant's plea agreement (Doc. # 1535). For the reasons set forth below, the Court **grants in part and denies in part** the Government's motion to enforce defendant's plea agreement. Defendant's petition is **dismissed in part and denied in part**.

### I. Background

On March 23, 2011, defendant entered into a plea agreement and pleaded guilty to one count of a conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, and one count of a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In the plea agreement, the

parties agreed to a sentence of 120 months, the statutory minimum sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C).  The agreement contained a lengthy statement of the factual basis for the plea of guilty.  The agreement also contained the following waiver of defendant's right to appeal or to collaterally attack her sentence:

> **9.     Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. Pro [*sic*] 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing [*sic*] waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(First set of brackets in original.)  The plea agreement also concluded with the following provision:

> **15. No Other Agreements.** The defendant has had
> sufficient time to discuss this case, the evidence, and this agreement
> with the defendant's attorney and defendant is fully satisfied with the
> advice and representation provided by defendant's counsel. Further,
> the defendant acknowledges that she has had the plea agreement read to
> her, understands it and agrees it is true and accurate and not the result
> of any threats, duress or coercion. The defendant further understands
> that this plea agreement supersedes any and all other agreements or
> negotiations between the parties, and that this agreement embodies each
> and every term of the agreement between the parties. The defendant
> acknowledges that the defendant is entering into this agreement and is
> pleading guilty because the defendant is guilty and is doing so freely
> and voluntarily.

Defendant also stated in her plea petition that she offered her plea freely and voluntarily and that her plea was not the result of any force or threats against her. She stated in the petition that she was satisfied with the advice and assistance of her attorney, and that she did do the acts set forth in the plea's factual basis and was guilty of the charged offenses.

The Court confirmed the voluntariness of the plea in its colloquy with defendant at the plea hearing. In particular, in that colloquy defendant stated under oath that she was satisfied with her counsel's representation and advice; that she understood that if the Court accepted the plea, it would sentence her to 120 months in accordance with the agreement; that no one had forced or threatened her into pleading; that it was her decision to plead; that she did do the acts set forth in the factual basis in the plea agreement (she volunteered in the colloquy that, although she did not understand at first, later she did "realize what [her co-conspirator] was doing" with respect to the drug-trafficking activities); and that she was entering a plea of

3

guilty freely and voluntarily and because she was in fact guilty of the charges. With respect to the waiver of the right to an appeal or collateral attack, defendant's counsel stated to the Court that he had explained to defendant that she waived any appellate rights "except for the claim that I myself or [the prosecutor] did something wrong in this case." The prosecutor agreed with that characterization of the plea agreement. Defendant then stated that she understood that provision of the plea agreement. Later in the colloquy, the Court returned to the waiver in Paragraph 9 of the plea agreement and explained for defendant what a collateral attack is; defendant again stated that she understood and was willing to give up the right to an appeal or collateral attack to the extent provided in the agreement. At the conclusion of the colloquy, based on its observation of defendant and her responses, the Court found that defendant's plea was knowing and voluntary, and it accepted both her plea of guilty and the Rule 11(c)(1)(C) plea agreement.

On July 18, 2011, the Court conducted an ex parte hearing on defendant's pro se motion to withdraw her plea. Defendant related, as the basis for her motion, that a detective or some other governmental agent told her on the day of her plea that she should accept the plea agreement, and that her counsel had not investigated that occurrence sufficiently. Defendant also stated that she had, before that date, discussed the possibility of a plea agreement with her counsel. The Court concluded that the conduct described by defendant, if it did occur, did not constitute coercion. The Court denied defendant's motion for new counsel, and thus denied the pro se

4

motion to withdraw the plea, without prejudice to the filing of such a motion by counsel if deemed appropriate. Counsel declined to file such a motion.

On August 30, 2011, the date of sentencing, the Court again conducted an ex parte hearing to address defense counsel's motion to withdraw from the case, based on defendant's desire for new counsel. Counsel explained that defendant believed that he had rendered ineffective assistance with respect to the plea agreement, based in part on defendant's belief that she should be eligible for a sentence below the 10-year mandatory minimum. Counsel related that the Government did not believe that defendant had been truthful about the extent of her involvement in the drug-trafficking organization. The Court denied counsel's motion to withdraw. The Court then adopted without change the presentence report, which calculated a sentencing range of 120 to 135 months, and the Court imposed a sentence of 120 months, the mandatory minimum sentence, in accordance with the plea agreement. Defense counsel indicated that he had made two objections to the presentence report relating to the calculation of the appropriate guidelines range, but the Court found those objections to be moot in light of the parties' agreement to a specific term of imprisonment.

On direct appeal, defendant challenged the Court's denial of her motion to withdraw her plea and the motions for new counsel. On June 22, 2012, the Tenth Circuit dismissed the appeal and granted the Government's motion to enforce the plea agreement's appellate waiver provision. The Tenth Circuit concluded that the issues

fell within the scope of the waiver; that her waiver was not coerced but was knowing and voluntary; and that enforcement of the waiver would not result in a miscarriage of justice. The Tenth Circuit declined to reach the merits of any claim of ineffective assistance of counsel. On October 17, 2012, defendant filed her pro se petition for relief pursuant to Section 2255.

**II.    Analysis**

   *A.    Issues Other Than Ineffective Assistance of Counsel*

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). The Court, however, will hold a defendant and the Government to the terms of a lawful plea agreement. *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of Section 2255 rights in a plea agreement is generally enforceable. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver, by which the district court must determine the following: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant

6

knowingly and voluntarily waived the rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

The Court first determines whether the issues raised by defendant in her Section 2255 petition fall within the scope of her waiver of the right to bring a collateral attack of her conviction. Paragraph 9 of her plea agreement states initially that defendant waives any right to challenge her sentence in any collateral attack, including by bringing a Section 2255 petition, "except as limited by United States v. Cockerham." That case recognized that a defendant does not waive the right to bring a Section 2255 claim for ineffective assistance of counsel specifically challenging the validity of the plea or the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Thus, based on that language, it would appear that any other claim of ineffective assistance of counsel would fall within the waiver. The conclusion of Paragraph 9, however, states that "the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Similarly, in defendant's colloquy with the Court, defendant's waiver was described as excluding all claims of ineffective assistance of counsel. Thus, the Court concludes that any claim of ineffective assistance of counsel falls outside the scope of the waiver.

In her Section 2255 petition, defendant lists only "ineffective assistance of counsel" as a ground for relief, on which she elaborates in an accompanying

7

memorandum.  In her briefs, however, defendant also appears to challenge the Court's calculation of her sentencing guidelines range and the validity of her waiver of her right to appeal.  Those claims—and any other claims that defendant has attempted to assert other than a claim for ineffective assistance of counsel—do fall within the scope of defendant's waiver.

The Court thus proceeds to the second step in the analysis, and it concludes that defendant did knowingly and voluntarily waive her right to appeal.  In assessing the voluntariness of a defendant's waiver, the Court looks primarily to two factors—whether the language of the plea agreement stated that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy.  *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).  As set forth above, both factors were present here.  Indeed, at the colloquy, the Court addressed the waiver twice to make sure that defendant did understand, and defendant then answered each time that she understood and agreed.  Defendant also stated that she entered her plea knowingly and voluntarily, and the Court found that her plea was in fact knowing and voluntary.  Defendant again suggests that her plea was coerced because of her encounter with the governmental agent on the day of her plea, but the Court again concludes that such conduct falls well short of coercion, particularly in light of defendant's answers in the subsequent plea colloquy.  Moreover, the Tenth Circuit has found that defendant's waiver was knowing and voluntary.  Accordingly, the Court confirms its previous finding that defendant's

waiver and plea were knowing and voluntary.

With respect to the third prong of the applicable analysis, enforcement of a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1327. As more fully set forth below, defendant has not shown that she received ineffective assistance of counsel in conjunction with the negotiation of her waiver. Accordingly, like the Tenth Circuit, the Court concludes that enforcement of defendant's waiver of any right to appeal or collaterally to attack her sentence would not result in a miscarriage of justice.

Therefore, the Government's motion for enforcement of defendant's waiver is granted with respect to any issue raised by defendant other than her claim of ineffective assistance of counsel, and defendant's Section 2255 petition is therefore dismissed to that extent. The Government's motion is denied as it relates to defendant's primary claim that she received ineffective assistance of counsel.

### B. *Claim of Ineffective Assistance of Counsel*

"To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d

9

1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Defendant argues that her counsel's performance was deficient in various ways with respect to her plea and her sentencing, which claims the Court addresses in turn.

    1.    Defendant raises various issues relating to her plea and the plea agreement. Defendant again argues that her plea was coerced, but the Court has already rejected that assertion and found her plea to have been voluntary. Defendant argues that her counsel did not adequately discuss the plea with her, but she conceded to the Court, at the hearing on her motion to withdraw her plea, that counsel had discussed the plea with her even before the date on which she pleaded. Defendant stated in the plea colloquy and in the plea petition that she was satisfied with her counsel's representation. She also stated that she understood the various terms of the plea agreement, that it was her decision to plead, and that she was willingly giving up the right to a trial. Defendant has not indicated how counsel's explanations were deficient other than with respect to the waiver of the right to appeal. As noted above, however, that waiver was thoroughly discussed in the plea colloquy. Moreover, defendant has not identified any meritorious appeal issue that she lost the right to pursue.

    Defendant argues that counsel should not have allowed the plea agreement's statement of the factual basis to contain inaccuracies. Defendant appears to object to the characterization of the extent of her knowledge and role in the drug conspiracy.

10

She also argues that she has not seen the search warrant that is referenced in that statement. Defendant agreed that those facts were correct, however, and confirmed under oath that she did commit those acts in her plea colloquy. Defendant has not shown that counsel's representation was deficient in this regard, or that she suffered prejudice thereby, in light of her voluntary decisions to enter into the agreement and to plead guilty.

Defendant also claims that counsel failed to investigate evidence in her favor, including alibi evidence. Defendant has not shown, however, that counsel failed to investigate any particular evidence that would have made her conviction so unlikely that counsel should have recommended rejection of a plea to the mandatory minimum sentence.

Finally, to the extent that defendant argues that her counsel should have encouraged her to reject the agreement to the 10-year mandatory minimum sentence, the Court rejects that claim. Based on evidence offered in the trial of defendant's co-conspirators, the Court is convinced that if defendant had proceeded to trial, she would have been convicted and would have received a sentence substantially longer than the 10-year minimum. Moreover, in light of the Government's belief that defendant's was not being truthful concerning her role in the conspiracy, counsel was justified in his belief both that the Government would not agree to a sentence below the minimum based on an application of the safety valve provision and that the Court would not have applied the safety valve at sentencing.

11

Accordingly, defendant has not shown that, with respect to her plea and plea agreement, her counsel rendered ineffective assistance or that she suffered prejudice from the alleged ineffective assistance. The Court denies defendant's claim as it relates to her plea and plea agreement.

2. The Court also rejects defendant's claims as they relate to counsel's performance at the sentencing stage. Defendant argues that counsel failed to object to the inclusion of certain factual information in the presentence investigation report (including the existence of a search warrant) and failed to inform her that such objections could be asserted. As the Court noted at sentencing, however, any such matters relating to the presentence report were moot in light of the fact that the parties had agreed to a particular sentence. Counsel's failure to seek a downward adjustment below the mandatory minimum or to object to the offense level and guidelines range is similarly irrelevant in light of the plea agreement. Defendant also claims that counsel failed to give the Court all of the letters submitted by her friends and family. Counsel did include seven such letters in his filing with the Court. Regardless, the failure to submit additional letters had no bearing on the Court's imposition of the agreed term. Accordingly, defendant has not shown any deficient performance by her counsel or the requisite prejudice relating to her sentencing, and the Court therefore denies any such claim of ineffective assistance of counsel.

3. In summary, based on its observations of his performance and the trial of defendant's co-conspirators, the Court believes that defendant's counsel performed

as well as could be hoped in this case.  Simply put, he achieved for defendant a sentence at the mandatory minimum, which was the best result possible in light of defendant's apparent unwillingness to provide information that the Government viewed as truthful or useful.  Accordingly, the Court concludes that counsel did not render a constitutionally deficient performance in representing defendant, and defendant's claims of ineffective assistance are denied in their entirety.[1]

---

[1] Because the motion and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on this matter.  *See* 28 U.S.C. § 2255(b).

### III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's motion to enforce defendant's plea agreement (Doc. # 1535) is **granted in part and denied in part**, and defendant's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1528) is **dismissed in part and denied in part**, as set forth herein.

---

[2]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 4th day of June, 2013, in Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge